The evidence was objected to on the ground that one of the witnesses was a legatee under the will, which therefore, was irregularly proved; and that it was only in those cases, where the probate was regular, that a copy could be admissible under the Act of 1784, cap. 10, sec. 6, which enacts that "all probates of wills in the county courts shall be sufficient testimony for the devise of real estates; and the attested copies of such wills, or the records thereof by the proper officer, shall and may be given in evidence in the same manner as originals."
The copy is proper evidence unless there be a suggestion of fraud or irregularity in the attestation or execution. It has been decided that a probate does not absolutely bind one who is not party to it; but that he may cause the will to be proved again by calling all parties interested before the Court which took the first probate, and reexamining the evidence concerning it.
By such a mode of proceeding, there is no danger of surprise to the parties, who are informed of the grounds upon which the will is (151) to be contested, and may prepare themselves for the emergency. So, if a foundation is laid for presuming such a fraud as would invalidate the will, the party claiming under it, in the trial of ejectment, may be called upon to produce the original; but then, he ought to have notice of the objection to be made, so that he might prepare to resist it. As this will have been admitted to probate and registration by a Court possessing competent authority, all circumstances necessary to its validity must be presumed to have been duly established before them.
Nonsuit.
Cited: Crowell v. Bradsher, 203 N.C. 494.